RENEE M. DAUGHETEE, ESQ.: SBN 257018
THE DAUGHETEE LAW FIRM
18881 Von Karman Ave., 16th Floor
Irvine, California 92612
Telephone,    (949) 632-2586
Facsimile,    (949) 613-5921
Attorney for Defendant
ASCENDIANT SECURITIES,LLC

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEAN DELIS, individually and as Trustee of DEAN DELIS REVOCABLE TRUST OF 2004<br><br>Plaintiffs,<br><br>vs.<br><br>SIONIX CORP., JAMES CURIER, DAVID R. WELLS, JAMES ALEXANDER, JOHAN PERSLOW, FRANK POWER, ASCENDIANT SECURITIES, LLC, AND MICHAEL COLE<br><br>Defendants. | Case No.: 5:13-cv-1463 LHK (HRL)<br><br>*Honorable Howard R. Lloyd*<br><br>**NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF SUMMONS, DECLARATION OF BRAD WILHITE AND RENEE M. DAUGHETEE, ESQ. IN SUPPORT OF MOTION.**<br><br>No Oral Argument Requested<br><br>Date:    June 11, 2013<br>Time:    10:00 a.m.<br>Courtroom: 2 |

PLEASE TAKE NOTICE on June 11, 2013 or soon thereafter as may be heard in Courtroom: 2 of the United States Court House Located at 280 South 1st Street, San Jose, CA 95113. Defendant ASCENDIANT SECURITIES, LLC will specially appear with full reservation of rights through counsel and hereby moves for an order quashing the summons and dismissing the complaint for improper venue served by Plaintiffs DEAN DELIS, individually and as Trustee of DEAN DELIS REVOCABLE TRUST OF 2004 pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5).

The Complaint was filed on April 2, 2013. On or about April 5, 2013, Plaintiff, attempted to serve the Summons and Complaint of defendant ASCENDIANT SECURITIES, LLC by

**NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF PROCESS OF SUMMONS AND COMPLAINT.**

substitute service at the address 18881 Von Karman Ave 16th floor Irvine, Ca 92612. However, no personal service was ever attempted. However, the mailing did not comply with California Code of Civil Procedure 415.40 or Federal Rules of Civil Procedure 49(e) because it did not obtain a valid return receipt. Thus, no proper service upon Defendant ASCENDIANT SECURITIES, LLC has been obtained by Plaintiff.

On May 1, 2013, Defendant ASCENDIANT SECURITIES, LLC counsel, Renee M. Daughetee, conducted a telephonic meet and confer with Plaintiffs' counsel regarding the motion to quash service of summons and the motion to dismiss for lack of venue. No resolution could be achieved and thus this motion is necessary.

Dated:   May 10, 2013                                **THE DAUGHETEE LAW FIRM**

                                                                          /S/ Renee M. Daughetee

                                                                     Renee M. Daughetee, Attorney for ASCENDIANT SECURITIES, LLC,

**NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF PROCESS OF SUMMONS AND COMPLAINT.**

RENEE M. DAUGHETEE, ESQ.: SBN 257018
THE DAUGHETEE LAW FIRM
18881 Von Karman Ave., 16th Floor
Irvine, California 92612
Telephone,      (949) 632-2586
Facsimile,      (949) 613-5921
Attorney for Defendant
ASCENDIANT SECURITIES, LLC

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEAN DELIS, individually and as Trustee of Dean Delis Revocable Trust 2004<br><br>Plaintiff,<br><br>vs.<br><br>SIONIX CORP., JAMES CURIER, DAVID R. WELLS, JAMES ALEXANDER, JOHAN PERSLOW, FRANK POWER, ASCENDIANT SECURITIES, LLC, AND MICHAEL COLE<br><br>Defendants. | Case No.: 5:13-cv-1463 LHK (HRL)<br><br>*Honorable Howard R. Lloyd*<br><br>**NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF SUMMONS, DECLARATION OR BRAD WILHITE AND RENEE M. DAUGHETEE, ESQ. IN SUPPORT OF MOTION.**<br><br>Date:      June 11, 2013<br>Time:      10:00 a.m.<br>Courtroom: 2<br><br>No Oral Argument Requested |

Pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5), Defendant ASCENDIANT SECURITIES, LLC through counsel specially appears with full reservation of rights, hereby moves to quash service of process and to dismiss the Complaint. The Complaint was filed on or about April 2, 2013. On or about April 6, 2013, Plaintiff, attempted to serve the Summons and Complaint on defendant by leaving a copy with a receptionist on the floor that Ascendiant has office lease space without first obtaining a waiver. The proper parties to receive service are Defendant's corporate officers, specifically Mark Bergendahl. This is not valid service under Federal Rules of Civil Procedure 4(h) or California law.

**MEMORANDUM IN SUPPORT OF DEFENDANT'S**

**NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF PROCESS OF SUMMONS AND COMPLAINT.**

## MOTION TO QUASH SERVICE AND DISMISS THE COMPLAINT

Defendant ASCENDIANT SECURITIES, LLC, specially appears through counsel, submits this memorandum of points and authorities in support of its motion to quash service of process pursuant to Federal Rules of Civil Procedure 12(b)(4). In support of its motion, Defendant states as follows:

### I.   PROCEDUAL SUMMARY

Plaintiffs attempted to serve their Summons and Complaint on Defendant ASCENDIANT SECURITIES, LLC (herein after "Ascendiant") by leaving the documents with a receptionist located on the floor that Ascendiant leases office space. This is not proper service under Federal Rule of Civil Procedure 4(h) because a receptionist is not a corporate officer nor registered agent of Defendant and opposing counsel did not obtain a waiver.

### II.   FACTUAL SUMMARY

1. On or about April 2, 2013 the complaint was filed.
2. Mark Bergendahl and Brad Wilhite are the only Managing Members for ASCENDIANT SECURITIES, LLC the defendant in this matter. Brad Wilhite is the Person Most Knowledgeable for ASCENDIANT SECURITIES, LLC regarding the issues in this case.
3. Mark Bergendahl and Brad Wilhite both work at 18881 Von Karman 16th Floor, Irvine CA on a daily basis.
4. On or about April 5, 2013, Plaintiff, attempted to serve the Summons and Complaint of Defendant ASCENDIANT SECURITIES, LLC, by substitute service at the address 18881 Von Karman Irvine California 92612. Plaintiff simply left a copy of the summons and complaint with the receptionist for the 16th floor Jacqueline Ma, in direct disregard of the service requirements dictated by the Federal Rules of Civil Procedure and/or pursuant to California Rules of Civil Procedure.  (Declaration of Renee M. Daughetee Exhibit "A" attached thereto).

**NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF PROCESS OF SUMMONS AND COMPLAINT.**

5. However, no personal service was ever attempted on Mark Bergendahl. (See Declaration of Brad Wilhite).

6. Mark Bergendahl is registered with the California Secretary of State as the agent for service of process for ASCENDIANT SECURITIES, LLC. Neither, Mark Bergendahl nor Brad Wilhite has ever been served with the summons and complaint for this case bearing case #5:13-cv-1463 LHK (HRL).

7. Jacquelyn Ma is a receptionist on the 16th floor for ASCENDIANT SECURITIES, LLC and several other companies located on the 16th Floor. Jacquelyn Ma has no authority to accept service and is not the person in charge. (*See* Declaration of Brad Wilhite).

8. On or about May 1, 2013, defendant's counsel, Renee Daughetee conducted a meet and confer with Plaintiff's counsel, David P. Nemeck, Jr. on the issues of service, appropriate default date, and proper venue being Orange County, California pursuant to the contracts venue clause. David P. Nemeck, Jr. engaged in the meet and confer, and they found some resolution on the issue of default date but could not agree on the service and venue issues, thus making this motion necessary (*See* Declaration of Renee M. Daughetee and Exhibit "B" attached thereto).

### III. ARGUMENT

**A. The Summons Is Defective & Service Was Improper**

Service of process must comply with the requirements of Federal Rule of Civil Procedure 4. As explained below, the Summons in this case fails to comply with Rule 4 and is invalid. Accordingly, for these reasons and those contained below, the Court should quash service of process.

**1. The Summons Is Facially Invalid**

**NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF PROCESS OF SUMMONS AND COMPLAINT.**

Federal Rule of Civil Procedure 4(a) requires that a summons "be directed to the Defendant." In the case of a corporation Federal Rule of Civil Procedure 4(h)(1) requires that the summons be directed to "an officer, a managing or general agent or to any other agent authorized by appointment or law to receive service of process" for Defendant. *Id.* In the present case, the Summons is not directed to Defendant's corporate officers. *See* (Exhibit 2). Instead, it is directed to undersigned counsel. See (Exhibit 1). Undersigned counsel is not a corporate officer of the Defendant. Accordingly, Plaintiff's Summons is defective on its face and pursuant to Federal Rule of Civil Procedure 12(b)(4) and should be **quashed.**

### 2. Attempted Service Was Ineffective

Federal Rule of Civil Procedure 4(h) provides the various methods of acceptable service of process on a corporation. Pursuant to Rule 4(h) service upon a corporation must be done "in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent or to any other agent authorized by appointment or law to receive service of process." Fed. R. Civ.P 4(h)(1); *see also Lennon v. McClory*, 3 F. Supp. 2d 1461, 1463 (D.D.C. 1998). Attempting service on a general receptionist is not among the approved methods of service in Rule 4. *See Larry M. Rosen & Associates, Inc. v. Hurwitz*, 465 A.2d 1114, 1117 (D.C. 1982)(acceptance of service by receptionist insufficient to demonstrate service to proper agent of corporation). In *Larry M. Rosen*, 465 A.2d at 1117, the D.C. Court of Appeals found service was insufficient, noting: A receptionist in one's office, even if authorized to sign for and open all of the mail, is not necessarily authorized to accept service of process. *Id.* at 1117. Here, as in *Rosen*, service on a receptionist Jacquelyn Ma is improper and granting a motion to quash service pursuant to Federal Rule of Civil Procedure 12(b)(5) is therefore appropriate.

///

///

///

**NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF PROCESS OF SUMMONS AND COMPLAINT.**

## IV. CONCLUSION

For the foregoing reasons, ASCENDIANT SECURITIES, LLC asks the Court to grant this motion to quash service of summons.

Dated:  May 10, 2013                    **THE DAUGHETEE LAW FIRM**

                                         /S/ Renee M. Daughetee

                                        Renee M. Daughetee, Attorney for

                                        ASCENDIANT SECURITIES, LLC

**NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF PROCESS OF SUMMONS AND COMPLAINT.**

# PROOF OF SERVICE

## C.C.P. SECTIONS 1013 (a) and 2015.5

**STATE OF CALIFORNIA**

COUNTY OF ORANGE

     I am employed in the County of Orange, State of California.  I am over the age of 18 and am not a party to the within action; my business address is 18881 Von Karman Ave., 16th Floor, Irvine, CA  92612.

     On May 10, 2013, I served the foregoing document described as **NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF SUMMONS, DECLARATION FOR BRAD WILHITE AND RENEE M. DAUGHETEE, ESQ. IN SUPPORT OF MOTION.** on the interested parties in this action.

(X)    By placing true copies thereof enclosed in sealed envelopes as stated on the attached mailing list

**David Nemeck**
**600 California Street, Ninth Floor**
**San Francisco, CA 94108**

(x )    By placing ( ) the original (x ) a true copy thereof enclosed in sealed envelopes addressed as follows:
( )    bye emailing a true copy to:
( )    by personal delivery to:

( X )    by mail as follows:  I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

Executed on May 10, 2013 Irvine, California, and declared under penalty of perjury under the laws of the State of California that the above is true and correct.

                                                              /s/ Francesca Alcala
                                                             Francesca Alcala

**NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF PROCESS OF SUMMONS AND COMPLAINT.**