| | |
|---|---|
| 1 | Colin H. Murray (State Bar No. 159142) |
|   | colin.murray@bakermckenzie.com |
| 2 | Mark T. Roche (State Bar No. 245773) |
|   | mark.roche@bakermckenzie.com |
| 3 | Christina M. Wong (State Bar No. 288171) |
|   | christina.wong@bakermckenzie.com |
| 4 | **BAKER & McKENZIE LLP** |
|   | Two Embarcadero Center, 11th Floor |
| 5 | San Francisco, CA  94111-3802 |
|   | Telephone: +1 415 576 3000 |
| 6 | Facsimile: +1 415 576 3099 |

Attorneys for Defendants
SIONIX CORP.; JAMES CURRIER;
DAVID R. WELLS; JAMES ALEXANDER;
JOHAN PERSLOW and FRANK POWER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DEAN DELIS, individually and as Trustee of the DEAN DELIS REVOCABLE TRUST OF 2004, | **Case No. 13-CV-01463-LHK-HRL** |
| Plaintiff, | **DEFENDANT DAVID R. WELLS' S NOTICE OF MOTION, MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SET ASIDE DEFAULT** |
| v. | |
| SIONIX CORP., JAMES CURRIER, DAVID R. WELLS, JAMES ALEXANDER, JOHAN PERSLOW, FRANK POWER, ASCENDIANT SECURITIES, LLC and MICHAEL COLE, | [FRCP 55(c)] |
| | Date:     September 12, 2013 |
| | Time:     1:30 p.m. |
| Defendants. | Dept.:    Courtroom 8 |
| | 4th Floor - San Jose Courthouse |
| | Before: The Honorable Lucy H. Koh |
| | Date Action Filed: April 2, 2013 |

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on **September 12, 2013**, at 1:30 p.m., or as soon thereafter as counsel may be heard by the above-entitled Court, located at 280 South First Street, San Jose, California 95113, in Courtroom 8, Fourth Floor, before the Honorable Lucy H. Koh, Defendant David R. Wells will and hereby does move the Court for to set aside the Clerk's entry of default.

The Motion to Set Aside Default is made in accordance with Federal Rule of Civil 55(c) on the grounds that: (1) Mr. Wells had good cause for failing to timely respond to the complaint; and (2) Mr. Wells joined defendant Sionix Corporation's Motion to Dismiss [Docket No. 7] prior to the Clerk's entry of Default.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of David R. Wells, and the Proposed Order, all the pleadings and papers on file in this action, and upon such any other matters as may be presented to the Court at the time of hearing.

Dated: July 12, 2013

**BAKER & McKENZIE LLP**
**Colin H. Murray**
**Mark T. Roche**
**Christina M. Wong**

By: /s/ Mark T. Roche
Mark T. Roche

Attorneys for Defendants
SIONIX CORP., JAMES CURRIER, DAVID R. WELLS, JAMES ALEXANDER, JOHAN PERSLOW and FRANK POWER.

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant David R. Wells ("Mr. Wells") did not receive a copy of Plaintiff's summons and complaint through Plaintiff's substituted service. Upon learning that he had been served in the action and that Plaintiff had requested that the Clerk enter default, Mr. Wells joined in defendant Sionix Corporation's ("Sionix") Motion to Dismiss For Improper Venue ("Motion to Dismiss"). Mr. Wells joinder in the Motion to Dismiss was filed only four days after his response to Plaintiff's complaint would have been due--had he received it. Accordingly, good cause exists to set aside the Clerk's entry of default, and Mr. Wells should be allowed to defend the action on the merits.

## II. LEGAL STANDARD

"[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). Pursuant to Rules 55(c) of the Federal Rules of Civil Procedure, a district court may set aside the entry of default upon a showing of good cause. FED. R. CIV. P. 55(c).

In addition, "[a] court may also deny an entry of default when a motion to dismiss has been filed shortly after the deadline but the plaintiff has not been prejudiced and 'exceptional circumstances that would justify entry of a default judgment are not present.'" *Twitter, Inc. v. Skootle Corp.*, 2012 U.S. Dist. LEXIS 87029, at *2 (N.D. Cal. June 22, 2012) (*quoting Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1317 (11th Cir. 2002)).

## III. ARGUMENT

### A. Good Cause Exists to Set Aside the Clerk's Entry of Default.

Good cause exists for Mr. Well's failure to timely respond to the allegedly served complaint. In evaluating whether good cause exists, the court may consider "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (citing *Franchise Holding II, LLC v.*

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: 415 576 3000

2

Case No. 13-CV-01463-LHK-HRL
DEFENDANT DAVID R. WELLS'S NOTICE, MOTION AND MEMO. IN SUPPORT OF MOTION TO SET ASIDE DEFAULT
499872-v3\PALDMS

*Huntington Restaurants Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004)); *see J&J Sports Prods. v. Alvarez*, 2013 U.S. Dist. LEXIS 566787, at *3-*4 (E.D. Cal. Apr. 19, 2013) (applying the three-factor test for determining whether good cause exists to set aside clerk's entry of default).

### 1. Mr. Wells Did Not Engage in Culpable Conduct Leading to the Default

Mr. Wells's failure to respond to Plaintiff's complaint was not the result of culpable conduct. Rather, Mr. Wells simply did not receive a copy of the summons and complaint Plaintiff's allegedly served through substitute service; Mr. Wells had no knowledge that a summons and complaint had allegedly been sent to him. *See* accompanying Declaration of David R. Wells in Support of Motion to Set Aside Entry of Default ("Wells Decl."), at ¶¶ 4-7. For purposes of setting aside entry of default, conduct is culpable where "there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *TCI Group*, 244 F.3d at 698. When considering whether to set aside entry of default judgment, the Ninth Circuit will "accept the allegations in the movant's factual statement." *Falk v. Allen*, 739 F.2d 461, 464 (9th Cir. 1984) (citations omitted).

Here, Mr. Wells never received a copy of the summons and complaint Plaintiff alleges to have served through substituted service. Had Mr. Wells known that he had been served, he would have timely responded to the complaint to defend this action on the merits. Mr. Wells's explanation, set forth in his accompanying declaration, establishes that his failure to respond timely to the complaint was not "devious, deliberate, willful, or [in] bad faith[.]" *See TCI Group*, 244 F.3d at 698.

### 2. Mr. Wells Has a Meritorious Defense

As reflected by Mr. Wells's joinder in Sionix's Motion to Dismiss, Mr. Wells has a meritorious defense to this action. Although Mr. Wells will also defend this action on the merits— Mr. Wells never fraudulently misrepresented or omitted any material facts in connection with the Note offering—to satisfy this element, "the defense need not be on the merits of the claim." *See,*

3

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: 415 576 3000

Case No. 13-CV-01463-LHK-HRL
DEFENDANT DAVID R. WELLS'S NOTICE, MOTION AND MEMO. IN SUPPORT OF MOTION TO SET ASIDE DEFAULT
499872-v3\PALDMS

*e.g., Delgado v. Deanda*, 2012 U.S. Dist. LEXIS 128925, at *5-*6 (N.D. Cal. Dec. 18, 2012) (finding allegations of defective service of process that would deprive court of personal jurisdiction sufficient to satisfy this factor.)  Accordingly, this factor also justifies setting aside the Clerk's entry of default.

### 3. Plaintiff Will Not Be Prejudiced if Entry of Default is Set Aside

Plaintiff will suffer no prejudice if the Clerk's entry of default is set aside.  Setting aside a default is prejudicial only where it results "in greater harm than simply delaying the resolution of the case." *TCI Group,* 244 F.3d at 701.  To constitute prejudice, the "delay must result in tangible harm such as loss of evidence, increased difficulties in discovery, or greater opportunity for fraud or collusion." *Id*. (citations omitted).

Here, no harm beyond delay in resolving the case as to a single defendant would result from setting aside the Clerk's entry of default.  Plaintiff has not and cannot allege any loss of evidence or increased burden in discovery, nor is there any risk or opportunity for fraud or collusion should the Clerk's entry of default be set aside.  As a result, this third and final factor also militates in favor of setting aside default.

### B. Default is Inappropriate Because Mr. Wells Joined Sionix's Motion to Dismiss Four Days After His Responsive Pleading was Due.

Mr. Wells joinder in Sionix's Motion to Dismiss for Improper Venue warrants setting aside the Clerk's entry of default.  Where "defendants have filed a dispositive motion and therefore defended, a default judgment is not appropriate," even if the dispositive motion is untimely. *See Venson v. Evans*, 2012 U.S. Dist. LEXIS 109195, at * 2 (N.D. Cal. Aug. 3, 2012) (denying motion for default where defendants filed motions for summary judgment and to dismiss six days after plaintiff moved for entry of default) (citing *Mitchell*, 294. F3d at 1316-17); *see Twitter*, 2012 U.S. Dist. LEXIS 87029, at *2 n. 2 (rejecting motion for entry of default where motion to dismiss was filed seven days after the 21-day period provided by FRCP 12(a) for filing a responsive pleading).

4

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: 415 576 3000

Case No. 13-CV-01463-LHK-HRL
DEFENDANT DAVID R. WELLS'S NOTICE, MOTION AND MEMO. IN SUPPORT OF MOTION TO SET ASIDE DEFAULT
499872-v3\PALDMS

Here, Mr. Wells joined Sionix's motion to dismiss four days after the date his responsive pleading was due. This brief delay does not warrant entering default judgment and the entry of default should be set aside, especially since Plaintiff has not even opposed Sionix' motion.

## IV.  CONCLUSION

For the foregoing reasons, this Court should grant Mr. Wells's Motion to Set Aside Default.

Dated:   July 12, 2013

**BAKER & McKENZIE LLP**
**Colin H. Murray**
**Mark T. Roche**
**Christina M. Wong**

By:   /s/ Mark T. Roche
Mark T. Roche

Attorneys for Defendants
SIONIX CORP., JAMES CURRIER, DAVID R. WELLS, JAMES ALEXANDER, JOHAN PERSLOW and FRANK POWER.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
Tel: 415 576 3000

5

Case No. 13-CV-01463-LHK-HRL
DEFENDANT DAVID R. WELLS'S NOTICE, MOTION AND MEMO. IN SUPPORT OF MOTION TO SET ASIDE DEFAULT
499872-v3\PALDMS