DAVID P. NEMECEK, JR. (State Bar No. 194402)
david@qnlawgroup.com
YUNJI WILLA QIAN (State Bar No. 271723)
willa@qnlawgroup.com
QIAN & NEMECEK LLP
600 California Street, Ninth Floor
San Francisco, CA 94108
Telephone:  (415) 475-2814
Facsimile:  (415) 520-2078
Attorneys for Plaintiff DEAN DELIS, individually and as
Trustee of the DEAN DELIS REVOCABLE TRUST OF 2004

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEAN DELIS, individually and as Trustee of the DEAN DELIS REVOCABLE TRUST OF 2004,<br><br>Plaintiffs,<br><br>v.<br><br>SIONIX CORP., JAMES CURRIER, DAVID R. WELLS, JAMES ALEXANDER, JOHAN PERSLOW, FRANK POWER, ASCENDIANT SECURITIES, LLC and MICHAEL COLE,<br><br>Defendants. | Case No. 13-CV-01463 LHK<br><br>**OPPOSITION BY PLAINTIFF DEAN DELIS TO DEFENDANT DAVID R. WELLS' MOTION TO SET ASIDE DEFAULT**<br><br>Date:  September 12, 2013<br>Time: 1:30 p.m.<br>Dept.: 8<br>Judge: Hon. Lucy H. Koh |

**I.      STATEMENT OF ISSUES TO BE DECIDED**

1. Should the Court set aside the default of Defendant David R. Wells where Wells has failed to present any evidence that he was not served with the summons and complaint in accordance with the Federal Rules of Civil Procedure and the California Code of Civil Procedure?

2. Should the Court set aside the default of Defendant David R. Wells where Wells

has offered no evidence to meet his burden to show that he has a defense to the allegations contained in the complaint that might make the result at trial different than that reached by default?

3. If the Court is inclined to grant this motion, should Wells be sanctioned and ordered to pay the attorney's fees and costs incurred by Plaintiff in obtaining the default?

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Defendant David R. Wells is the President of StoryCorp Consulting.  (Dkt. No. 33-1, ¶ 2). On May 14, 2013, Plaintiff served the summons and complaint at the business address listed for StoryCorp Consulting on its website.  (Declaration of David P. Nemecek, Jr., ¶ 2, Exhibit A ["Nemecek Decl."], Dkt. No. 17).  The process server retained by Plaintiff Dean Delis to serve the summons and complaint mailed a copy of the summons and complaint to Wells at his business address on May 16, 2013.  (Dkt. No. 17).

Pursuant to Federal Rule of Civil Procedure 12(a)(1)((A)(i), Wells was required to file an answer or otherwise respond to the complaint in this matter by June 17, 2013.  (*See* Dkt. No. 22.) Wells failed to respond to the complaint, and Plaintiff filed a request that the clerk enter Wells's default on June 18, 2013. (Dkt. No. 26).  The clerk entered Wells's default on June 26, 2013. (Dkt. Nos. 30, 32).

Wells was served with the summons and complaint at the same address in a related matter styled as *Dorothy Francis Sanford, et al. v. Sionix Corp., et al.*, United States District Court for the Central District of California Case No. SACV13-01032 AG (JPRx).[1]   (Nemecek Decl., Exhibit B.)  Wells did not challenge service in that case and has filed an answer to the complaint, thereby waiving any objections to any alleged defects concerning the service of the summons and complaint.  (Nemecek Decl., Exhibit C.)

Plaintiff's complaint alleges that in or around March 2012, Defendant Michael Cole contacted Plaintiff regarding a convertible note offering by Defendant Sionix Corp. (the "convertible note offering").  (Dkt. No. 1, ¶ 18.)  Cole represented to Delis that there was

---

[1] The *Sanford* case was originally filed in Orange County Superior Court.  Sionix and Wells filed a petition to remove the case to federal court despite the fact that the Sanfords' complaint does not state any causes of action under federal law.  The Sanfords plan to file a motion to remand the case shortly.

PLAINTIFF'S OPPOSITION TO DEFENDANT DAVID R. WELLS' MOTION TO SET ASIDE DEFAULT

1  substantial demand for the convertible note offering and that the convertible note offering was
2  oversubscribed (in other words, Cole represented that demand from investors for the convertible
3  note offering exceeded the amount of the convertible notes authorized for sale by Sionix). *Id.*

4  The complaint further alleges that in or around March and April 2012, Defendants Cole
5  and Wells represented to Delis that he should purchase the convertible note offering immediately
6  because Sionix had been contacted by an investor who was interested in purchasing the entire
7  convertible note offering, and if that occurred Delis would be precluded from purchasing any
8  portion of the convertible note offering. (Dkt. No. 1, ¶ 19). During a meeting in early May 2012
9  and shortly before the transaction at issue closed, Delis commented to Wells that he was
10 impressed that the convertible note offering was oversubscribed and that Sionix would be
11 sufficiently capitalized after the close of the convertible note offering. (Dkt. No. 1, ¶ 20). Wells
12 said that he was happy that Delis and his co-investor The Dorothy Frances Sanford Living Trust
13 had agreed to purchase the convertible note, that he was pleased that the convertible offering was
14 oversubscribed, and that Sionix would have sufficient capital to fund its day-to-day operations
15 once it received cash from investors who purchased the convertible note offering. *Id.* Shortly
16 thereafter and during that same meeting, Wells instructed Delis to sign the paperwork to finalize
17 the purchase of the convertible note by the Dean Delis Revocable Trust of 2004. *Id.*

18 Delis signed the paperwork for the purchase of the convertible note in early May 2012.
19 (Dkt. No. 1, ¶ 21). Shortly thereafter, Sionix issued an "8% Convertible Debenture" to the Trust
20 (the "convertible note") and backdated the convertible note so that the date of the issuance of the
21 note was listed as April 30, 2012. *Id.*

22 After the close of the convertible note offering and after Sionix issued the convertible note
23 to the Trust, Delis discovered that Cole and Wells made numerous misrepresentations to him in
24 connection with the convertible note offering and that Cole, Ascendiant, Wells and Sionix failed
25 to disclose material facts that they had a duty to disclose in connection with the convertible note
26 offering. (Dkt. No. 1, ¶ 22). Delis discovered after the close of the convertible note offering that
27 the offering was never oversubscribed, as was repeatedly misrepresented and fraudulently
28 concealed by Cole and Wells during the course of the convertible note offering. (Dkt. No. 1, ¶

3

23). Delis discovered after the close of the convertible note offering that the Trust and its co-investor The Dorothy Frances Sanford Living Trust were the only purchasers of the convertible note offering, that only $200,000 in notes were purchased by investors for the entire convertible note offering, and that the convertible note offering was vastly undersubscribed. *Id.* The lack of interest by investors in the convertible note offering left Sionix grossly undercapitalized and without sufficient cash to fund its operations following the close of the convertible note offering. *Id.*

### III. **THE COURT SHOULD DENY THIS MOTION BECAUSE WELLS HAS FAILED TO SHOW THAT HE HAS A DEFENSE IN THIS MATTER THAT MIGHT MAKE THE RESULT OF TRIAL DIFFERENT THAN THAT REACHED BY DEFAULT**

The party seeking relief from default bears the burden of showing a defense that might make the result at trial different than that reached by default. The failure to do so constitutes grounds for denial of relief. *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 926. The party seeking relief from default must set forth "specific facts that would constitutes a defense" to the allegations of the complaint. *Id.*; *see also Tri-Continental Leasing Corp. v. Zimmerman*, 485 F.Supp. 495, 499 (N.D. Cal. 1980).

Wells failed to offer any facts that would give rise to a defense to the allegations contained in the complaint. He failed to deny under oath that he made the misrepresentations at issue and he offers no justification for lying to Delis to induce him to purchase the convertible note at issue. All that Wells offers is the fallacious claim that he did not commit fraud. (Dkt. No. 33 at p. 3). "A mere general denial without facts to support it is not enough to vacate a default." *Franchise Holding II*, 375 F.3d at 926. As such, there is no reason to allow Wells to continue to engage in wasteful litigation in a case in which he has no defense for his fraudulent conduct. The court should deny this motion.

### IV. **THE COURT SHOULD DENY THIS MOTION BECAUSE WELLS HAS FAILED TO SHOW THAT THE SUMMONS AND COMPLAINT WERE NOT SERVED IN ACCORDANCE WITH THE FEDERAL RULES OF CIVIL PROCEDURE AND THE CALIFORNIA CODE OF CIVIL PROCEDURE**

Federal Rule of Civil Procedure 4(e)(1) provides that an individual may be served by

4

PLAINTIFF'S OPPOSITION TO DEFENDANT DAVID R. WELLS' MOTION TO SET ASIDE DEFAULT

1  "following state law for serving a summons in an action brought in courts of general jurisdiction
2  in the state where the district court is located or where service is made." California Code of Civil
3  Procedure 415.20(b) provides that if a copy of the summons and complaint cannot with
4  reasonable diligence be personally delivered to the person to be served, a summons may be
5  served by leaving a copy of the summons and complaint at the usual place of business, or usual
6  mailing address other than a United States Postal Service post office box, in the presence of a
7  competent member of the household or a person apparently in charge of his or her office, place of
8  business, or usual mailing address other than a United States Postal Service post office box, at
9  least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a
10 copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be
11 served at the place where a copy of the summons and complaint were left. In addition, Federal
12 Rule of Civil Procedure 4(e)(2)(C) authorizes services of the summons and complaint by
13 "delivering a copy of each to an agent authorized by appointment or by law to receive service of
14 process."

15 The plaintiff's proof of service "constitutes prima facie evidence of valid service which
16 can be overcome only by strong and convincing evidence." *O'Brien v. R.J. O'Brien & Assocs.,*
17 *Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993). The burden is on the defendant who seeks to set aside
18 the default to prove that service was not made. A mere denial of service that is unsupported by
19 evidence proving a lack of service is insufficient to overcome the plaintiff's prima facie evidence
20 that service of process was accomplished. *Gates v. Syrian Arab Republic*, 646 F.3d 1, 5 (D.C. Cir.
21 2011).

22 The proof of service of the summons and complaint upon Wells establishes that Wells was
23 served in accordance with the law. The process server left a summons and complaint at the
24 location Wells publicly lists for his business and then mailed a copy of the summons and
25 complaint to that same address via U.S. mail. The proof of service also states that the process
26 server served the summons and complaint upon a person who was "in charge" of the location
27 where Wells was served. Wells offers no evidence to the contrary. Wells also offers no evidence
28 to show that the person who was served was not an agent authorized to accept service of process

5

PLAINTIFF'S OPPOSITION TO DEFENDANT DAVID R. WELLS' MOTION TO SET ASIDE DEFAULT

on his behalf.

Wells claims that he was not served properly because he did not receive a copy of the summons and complaint, but this is irrelevant. Wells provides no evidence to show that the process server did not personally serve the complaint on May 14, 2013 at the address listed for his place of business. Wells also provides no evidence to show that the process server did not mail a copy of the summons and complaint to that same address on May 16, 2013.

Tellingly, the plaintiffs in a related case served the summons and complaint upon Wells at the same location where he was served in this matter, and Wells raised no objections concerning service in that action. Wells filed an answer in that case and has waived his objections to any alleged defects concerning the method of service.

The summons and complaint were both served in accordance with the Federal Rules of Civil Procedure and the California Code of Civil Procedure. There are no grounds to set aside the default that was entered against Wells, and this motion should be denied.

## V. IF THE COURT IS INCLINED TO GRANT THIS MOTION, IT SHOULD SANCTION WELLS

The court may order defendant to pay plaintiff's attorney fees and other costs incurred in entering the default. *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec*, 854 F.2d 1538, 1546-47. "It is appropriate to condition setting aside a default upon the payment of a sanction." *Turner v. Correctional Medical Services, Inc.*, 262 F.R.D. 405, 410 (D. Del. 2009).

If the court is inclined to set aside the default, it should require Wells to pay the attorney's fees and costs incurred by Plaintiff in obtaining Wells's default. Those fees and costs are currently $358. (Nemecek Decl., ¶ 5.)

## VI. CONCLUSION

Wells has failed to establish that the Court should set aside the default that was entered against him. Wells failed to set forth any facts to support a defense concerning the fraud that he perpetrated upon Delis. Wells has also failed to establish that the summons and complaint were not served in accordance with the law. Plaintiff respectfully requests that the Court deny this

6

PLAINTIFF'S OPPOSITION TO DEFENDANT DAVID R. WELLS' MOTION TO SET ASIDE DEFAULT

1  motion in its entirety. If the Court is inclined to grant the motion, Plaintiff respectfully requests
2  that Wells be required to pay sanctions to Plaintiff in the amount of $358.
3
4  Dated: July 26, 2013                                     QIAN & NEMECEK LLP
5
6
7                                                           By: _____
                                                            DAVID P. NEMECEK, JR.
8                                                           YUNJI WILLA QIAN
                                                            Attorneys for Plaintiff DEAN DELIS, individually
9                                                           and as Trustee of the DEAN DELIS
                                                            REVOCABLE TRUST
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFF'S OPPOSITION TO DEFENDANT DAVID R. WELLS' MOTION TO SET ASIDE DEFAULT