UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| DEAN DELIS, | ) | Case No.: 13-CV-01463-LHK |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING DEFENDANTS' |
| v. | ) | MOTION TO DISMISS, DENYING AS |
| | ) | MOOT ALL OTHER PENDING |
| SIONIX CORP., et al, | ) | MOTIONS, AND VACATING THE |
| | ) | CASE MANAGEMENT HEARING OF |
| Defendants. | ) | SEPTEMBER 19, 2013 |
| | ) | |
| | ) | |

Plaintiff Dean Delis alleges fraud, fraudulent concealment, and various federal and state securities law claims against Sionix Corp. ("Sionix"), its officers and directors; Ascendiant Securities, LLC ("Ascendiant") as Sionix's broker-dealer; and Michael Cole, an employee of Ascendiant.  This case is before the Court for determination of the following three motions: (1) Sionix, joined by its officers and directors, moves to dismiss for improper venue; (2) Defendant Wells, an officer and director of Sionix, moves to set aside default; and (3) Ascendiant moves to quash service of summons.  The Court finds that these motions are suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b), VACATES the hearing and case management conference set for September 19, 2013, at 1:30 p.m., and DENIES the parties' stipulation and proposed order to continue the case management conference, ECF No. 38.  For the reasons discussed below, the Court GRANTS the motion to dismiss without prejudice to Delis refiling in

1

the appropriate forum, and DENIES as moot both the motion to set aside the default of David Wells and the motion to quash service of summons.

## I. BACKGROUND

Delis alleges that defendant Michael Cole, a broker with Ascendiant, contacted Delis in March 2013 regarding a convertible note offering by Sionix (the "Debenture"). ECF No. 1 ¶ 18. Cole described the offering as "oversubscribed," a claim which defendant David R. Wells, a Sionix officer and director, repeated to Delis. *Id.* at ¶ 18–20. Delis also alleges that Wells and Cole claimed that an investor had contacted Sionix to express interest in purchasing the entire offering. *Id.* at ¶ 19. Delis proceeded to purchase the Debenture for $100,000, only to find the offering undersubscribed, and Sionix, as a result, undercapitalized. *Id.* at ¶ 23.

Delis brings this action, claiming that Coles' and Wells' representations were fraudulent under the common law and violated various federal and state securities laws. Specifically, Delis alleges violations of Section 12 of the 1933 Act, 15 U.S.C. § 77*l* (using means of interstate commerce to sell an unregistered security); Section 10 of the 1934 Act, 15 U.S.C. § 78j(b) (using means of interstate commerce to use manipulative or deceptive device in connection with the purchase or sale of securities); Section 17 of the 1933 Act, 15 U.S.C. § 77q(a) (using means of interstate commerce for the purpose of fraud or deceit); Section 20 of the 1934 Act, 15 U.S.C. § 78t (joint and several liability for persons in control of the person in violation of the law); Section 25110 of the California Corporations Code (offering or selling an unqualified security); and Section 25401 of the California Corporations Code (selling security by means of false statements or omissions), as well as common law fraud, fraudulent concealment, and breach of fiduciary duty. ECF No. 1 ¶ 26–77.

In response, Sionix and its officers and directors move to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), arguing that the Debenture contains a forum selection clause restricting Delis' selection of forum to those courts sitting in Orange County, California. The note provides in relevant part:

> Each party agrees that all legal proceedings concerning the interpretation, enforcement and defense of the transactions contemplated by any of the Transaction

2

Case No.: 13-CV-01463-LHK
ORDER GRANTING MOTION TO DISMISS AND DENYING AS MOOT ALL OTHER PENDING MOTIONS

> Documents (whether brought against a party hereto or its respective Affiliates, directors, officers, shareholders, employees or agents) shall be commenced in the state and federal courts sitting in the County of Orange (the "California Courts"). Each party hereto hereby irrevocably submits to the *exclusive jurisdiction* of the California Courts for the adjudication of any dispute hereunder or in connection herewith or with any transaction contemplated hereby or discussed herein (including with respect to the enforcement of any of the Transaction Documents), and hereby irrevocably waives, and agrees not to assert in any suit, action or proceeding, any claim that it is not personally subject to the jurisdiction of such California Courts, or such California Courts are improper or inconvenient venue for such proceeding.

ECF No. 1 at 18 (emphasis added).

## II. MOTION TO DISMISS FOR IMPROPER VENUE

### A. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(3), a defendant may move to dismiss a complaint for improper venue. Even where venue is otherwise proper, a defendant may move to dismiss under Rule 12(b)(3) on the basis of a forum selection clause. *See Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996). When considering a motion to dismiss pursuant to Rule 12(b)(3), a court need not accept the pleadings as true and may consider facts outside of the pleadings. *Id.* Once the defendant has challenged the propriety of venue in a given court, the plaintiff bears the burden of showing that venue is proper. *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). Pursuant to 28 U.S.C. § 1406(a), if the court determines that venue is improper, the court must either dismiss the action or, if it is in the interest of justice, transfer the case to a district or division in which it could have been brought. Whether to dismiss for improper venue, or alternatively to transfer venue to a proper court, is a matter within the sound discretion of the district court. *See King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).

Forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). Such unreasonable circumstances include the following circumstances:

> (1) Its incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power; (2) the selected forum is so gravely difficult and inconvenient that the complaining party will for all practical purposes be deprived

3

Case No.: 13-CV-01463-LHK
ORDER GRANTING MOTION TO DISMISS AND DENYING AS MOOT ALL OTHER PENDING MOTIONS

of its day in court; or (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought.

*Argueta*, 87 F.3d at 325 (internal citations and quotation marks omitted).

### B.     ANALYSIS

Sionix, joined by its officers and directors, argues that venue is improper under the terms of the Debenture and thus moves the Court to dismiss this action. The Court agrees, for the following reasons.

The Debenture contains a forum selection clause that the Court must find prima facie valid. The plain language of the clause states unequivocally that "all legal proceedings concerning the interpretation, enforcement, and defense of the transactions contemplated by [the Debenture]" must be filed in the County of Orange. ECF No. 1 at 18. The relevant question here is whether Delis' claims are covered by the forum selection clause. In other words, the Court must assess whether Delis' claims concern the disputes explicitly covered by the forum selection clause, i.e. "all legal proceedings concerning the interpretation, enforcement, and defense of the transactions contemplated by [the Debenture]." ECF No. 1 at 18. An examination of the Complaint reveals that all nine causes of action arise out of and relate to the Debenture, and thus fall within the scope of the Deventure's forum selection clause.

The first cause of action, alleging a violation of the Securities Exchange Act of 1933 (using means of interstate commerce to sell an unregistered security), asserts that Defendants used interstate commerce to sell the convertible note by having phone and in-person communications with Delis. Compl. at ¶ 30. The second cause of action, alleging a violation of Section 10(b) of the Securities Exchange Act of 1934 (using interstate commerce to use a deceptive device in connection with the purchase or sale of securities), alleges that "defendants made untrue statements of material fact . . . which operated as a fraud and deceit on Plaintiffs. . . . The purpose and effect of Defendants' scheme was to artificially inflate the price of the convertible note to induce Plaintiffs to purchase the convertible note from Defendants. . . ." Compl. at ¶ 35-36. The resolution of both these causes of action directly relates to the enforcement and defense of the security transaction memorialized in the Debenture. The third cause of action, alleging a violation

4

of Section 17 of the 1933 Act (using interstate commerce for the purpose of fraud or deceit), similarly relates to the Debenture by alleging Defendants made "misstatements, omissions, [and] fraudulent and manipulative activities" to get Delis to purchase the convertible note. Compl. at ¶ 40. The fourth cause of action, alleging a violation of Section 20 of the 1934 Act (joint and several liability for persons in control of the person in violation of the law), claims Defendants Currier and Wells "had the power and authority to use Sionix to engage in the wrongful conduct complained of herein." Compl. at ¶ 43. The fifth cause of action, alleging a violation of Section 25110 of the California Corporations Code (offering or selling an unqualified security) alleges that the convertible note was never qualified under California law and thus Sionix violated the California Code when selling the convertible note to Delis. Compl. at ¶ 48. The sixth cause of action, brought under Section 25401 of the California Corporations Code (selling a security by means of false statements or omissions), states that "[i]n offering and selling the convertible note to Plaintiffs, Defendants made untrue statements of material fact and omitted to state material facts to Plaintiffs." Compl. at ¶ 53. Again, these latter three claims arise out of the Debenture and concern whether the security transaction which it memorializes is defensible or enforceable.

Delis' seventh, eighth, and ninth causes of action are tort claims. Under Ninth Circuit case law, whether the forum selection clause applies to tort claims depends on whether the "resolution of the claims relates to the interpretation" of the Debenture. *Manetti-Farrow, Inc.*, 858 F.2d at 514. The seventh cause of action, alleging general fraud, claims Defendant Michael Cole misrepresented to Delis that "there was substantial demand for the convertible note offering and that the convertible note offering was oversubscribed." Compl. at ¶ 61. The eighth cause of action, for fraudulent concealment, alleges that Defendants "fraudulently concealed the fact that the convertible note offering was undersubscribed . . ." Compl. at ¶ 68. Delis' ninth claim posits that Defendants breached a fiduciary duty to Delis by "making the misrepresentations . . . for purposes of generating commissions from the convertible note offering in violation of their ethical and professional obligations." Compl. at ¶ 76. There is no reasonable argument that these three claims, each of which assert that Delis' purchase of the convertible note was the result of fraud or

5

misrepresentation, do not relate to the interpretation of the Debenture, as the misrepresentations allegedly made were made in direct connection with the Debenture and its terms. Further, the Complaint concedes that the entire action arises out of and relates to the Debenture, noting that the Plaintiff "seeks to redress the damages he has suffered as a result of the fraud perpetrated by the Defendants in connection with the purchase of an unregistered $100,000 convertible note . . ." Compl. at ¶ 1. Ultimately, because all of Plaintiff's causes of action directly concern the interpretation, enforcement, and defense of the security transaction memorialized in the Debenture, the forum selection clause governs this case.

As for the factors that render a forum selection clause unenforceable in some cases, *see Argueta*, 87 F.3d at 325, Plaintiff has failed to prove that the incorporation of the forum selection clause in the Debenture was the product of fraud or undue influence, or overweening bargaining power. He also has not shown that litigation in the selected forum, the courts of the County of Orange, will present grave difficulties such that he will be deprived of his day in court, or that enforcement of the clause would contravene a strong public policy of this forum, the Northern District of California. *Id.*

In light of Defendants' persuasive arguments that the forum selection clause governs, Delis has the burden of demonstrating that it does not. *See Piedmont Label Co.*, 598 F.2d at 496. Delis has not even attempted to meet this burden. Delis does not challenge the validity of the clause, nor does Delis otherwise challenge its applicability to this action—indeed, Delis failed to respond to Defendants' motion at all. Accordingly, the Court finds that the forum selection clause is valid and governs here. Given the mandatory language of the forum selection clause, the Court must conclude that venue is improper. Ninth Circuit case law distinguishes between "permissive" forum selection clauses, which establish venue or jurisdiction in a specified court but still permit venue elsewhere, and "mandatory" forum selection clauses, which require actions to be brought only in the specified court. *Docksider, Ltd. v. Sea Tech., Ltd.*, 875 F.2d 762, 763 (9th Cir. 1989); *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77-78 (9th Cir. 1987). For a clause to be mandatory and thus restrict venue to the court specified in the agreement, the clause "must contain

6

language that clearly designates a forum as the exclusive one." *Northern California Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1037 (9th Cir. 1995). In this case, the forum selection clause contains mandatory language, thereby restricting venue exclusively to the courts sitting in Orange County, California. *Compare* ECF No. 1 at 18 (providing that actions "shall be commenced" in selected forum, giving selected forum "exclusive jurisdiction") *with Docksider, Ltd.*, 875 F.2d at 762 (finding that mandatory "shall" in the forum selection clause creates exclusive forum selection).

Having found that venue is improper, the Court may either dismiss the action or, if it is in the interest of justice to do so, transfer venue to a court where the action could have been brought. *See* 28 U.S.C. § 1406(a). Here, Defendants request dismissal, and Plaintiff remains silent. As no party has advocated for transfer, the Court finds dismissal is more appropriate. The Court GRANTS Defendants' motion to dismiss without prejudice to Delis refiling in the appropriate forum.

### III. MOTION TO QUASH SERVICE OF SUMMONS AND MOTION TO SET ASIDE DEFAULT OF DAVID R. WELLS

In light of the Court's order on Defendants' motion to dismiss for improper venue, the Court DENIES as moot the motion to set aside the default of Defendant David R. Wells, ECF No. 33, and DENIES as moot the motion to quash service of summons, ECF No. 14.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the motion to dismiss without prejudice to Delis refiling in the appropriate forum, and DENIES as moot both the motion to set aside the default of David Wells and the motion to quash service of summons.

**IT IS SO ORDERED.**

Dated: September 13, 2013

_____
LUCY H. KOH
United States District Judge